IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| KENNETH WAYNE GLOVER, <br> TDCJ #1198161, <br><br> Plaintiff, <br><br> v. <br><br> TEXAS BOARD OF PARDONS <br> AND PAROLES, *et al.*, <br><br> Defendants. | § § § § § § § § § § § § | CIVIL ACTION NO. H-09-1590 |

## **MEMORANDUM AND ORDER**

The plaintiff, Kenneth Wayne Glover (TDCJ #1198161, former TDCJ #523654, #479532, #391246, Fort Bend County #80380), filed this lawsuit under 42 U.S.C. § 1983, alleging that the defendants violated his civil rights in connection with the conditions of his supervised release from prison. Glover proceeds *pro se*, but not *in forma pauperis*. The State Attorney General's Office has filed an *amicus curiae* motion to dismiss for lack of service in compliance with Rule 4(m) of the Federal Rules of Civil Procedure. [Doc. # 19]. In response, Glover has filed a motion for relief in his favor. [Doc. # 20]. After reviewing all of the pleadings and the applicable law, the Court dismisses this case for reasons set forth below.

I.   **BACKGROUND**

Court records show that, on June 16, 2003, Glover was convicted in the 268th District Court of Fort Bend County, of evading detention with a motor vehicle in cause number

37,405.  *See Glover v. State*, No. 14-03-00763-CR, 2004 WL 1192822 (Tex. App. — Houston [14th Dist.] June 1, 2004, pet. stricken).  Glover was sentenced to eight-and-a-half years' imprisonment in that case.  Prior to that offense, Glover was convicted of credit card abuse in Harris County cause number 527226, which resulted in a sentence of ten years' imprisonment in 1989.  *See Glover v. Cockrell*, Civil No. H-01-0049 (S.D. Tex. Jan. 14, 2002).  Glover also has a second-degree felony conviction for "vehicular arson" in cause number 415698.

On May 27, 2009, Glover filed the pending complaint under 42 U.S.C. § 1983 while he was incarcerated at a pre-release facility in Houston, following his transfer from the Texas Department of Criminal Justice - Correctional Institutions Division (collectively, "TDCJ"). Glover, who is now on parole, alleges that he received notice on April 14, 2008, that the Board of Pardons and Paroles intended to impose certain "special conditions" upon his release from prison.  [Doc. # 2, Exhibit 2].  These conditions, referred to as the "Special Condition 'X' (Sex Offender Conditions)," are reportedly based on Glover's arrest for sexual assault in 1993, which occurred while he was previously on parole.  [*Id.*].  Glover notes that he was not convicted of sexual assault, but that the offense was used to revoke his parole in 1994.  [*Id.*].

Glover claims that, on May 8, 2009, the Texas Board of Pardons and Paroles decided to impose a special condition that required an evaluation by a psychiatrist.  The evaluation occurred on May 21, 2009.  Glover insists that Texas Board of Pardons and Paroles has

wrongfully imposed sex offender restrictions as a special condition of his early release from prison in violation of his constitutional rights. He seeks punitive damages and injunctive relief. The Court concludes that this case must be dismissed for the following reasons.

## II.     DISCUSSION

### A.     Lack of Service

Glover filed the pending complaint on May 27, 2009.[1]  Because Glover does not proceed as a pauper, he is responsible for service of process. *See* FED. R. CIV. P. 4(c)(1). To date, Glover has not completed service of process as required by Rule 4(m) of the Federal Rules of Civil Procedure, which requires opposing parties to be served within 120 days after the filing of the complaint. Noting that he has failed to comply with Rule 4(m), the Attorney General's Office has filed an *amicus curiae* motion to dismiss for lack of service. [Doc. # 19].

The record reflects that the Clerk's Office issued a summons for the defendants shortly after the complaint was filed. [Doc. # 5]. In the return of service, Glover reports that he served the Texas Board of Pardons of Paroles in person by delivering the summons himself to the Texas Attorney General's Office on May 27, 2009. [*Id.*]. There is no authority showing that the Attorney General's Office is the proper agent of service for the

---

[1]  Shortly after the complaint was filed, the Court dismissed this case as barred by the three-strikes rule found in 28 U.S.C. § 1915(g). [Doc. # 4]. The Court granted Glover's motion to reinstate the complaint on October 9, 2009, after he paid the filing fee. [Doc. # 18]. In that same order, the Court also granted Glover's motion to dismiss E. Pierson of the TDCJ Parole Division as a defendant. The only remaining defendant is the Texas Department of Pardons and Paroles.

Texas Board of Pardons and Paroles. Likewise, because Glover is a party to the litigation, he is not eligible to serve the summons Rule 4(c)(2) of the Federal Rules of Civil Procedure. More importantly, the Attorney General presents documentation showing that Glover actually sent the summons by regular mail addressed to an individual Assistant Attorney General. [Doc. # 19, Exhibit A]. The Federal Rules of Civil Procedure do not allow for service by any type of mail. *See* FED. R. CIV. P. 4(c).

In his response to the motion, Glover does not dispute that he has failed to effect service of process in compliance with the Federal Rules of Civil Procedure. He has not requested additional time to serve the defendants or demonstrated good cause for his failure to serve the defendants in a timely manner. A plaintiff's *pro se* status and ignorance of the law do not constitute cause for his failure to effect service in compliance with the rules. *See Kersh v. Derozier*, 851 F.2d 1509, 1512 (5th Cir. 1988). Accordingly, the Court concludes that this case must be dismissed for the plaintiff's failure to comply with Rule 4(m). Alternatively, the Court finds that the complaint must be dismissed for other reasons set forth briefly below.

### B.     The Complaint Fails to State a Claim

Glover complains that he is unlawfully restrained by special conditions of supervised release imposed by the Texas Board of Pardons and Paroles. Glover claims that these restrictions are invalid, and that he is entitled to damages as well as injunctive relief, because the conditions are based on "incorrect information" about whether he is a sex offender.

4

To recover damages based on allegations of "unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a [civil rights] plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determinations, or called into question by a federal court's issuance of a writ of habeas corpus [under] 28 U.S.C. § 2254." *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994). A claim for damages that bears a relationship to a conviction or sentence that has not been so invalidated is not cognizable under 42 U.S.C. § 1983. *Id.* Therefore, if a judgment in favor of the plaintiff would "necessarily imply the invalidity of his conviction or sentence," then the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated. *Id.*

Glover plainly challenges a decision by parole officials to impose special conditions on his release, including conditions that he comply with counseling requirements for sex offenders.[2] The rule announced in *Heck* applies to all "proceedings which call into question the fact or duration of parole." *Littles v. Board of Pardons and Paroles Division*, 68 F.3d 122, 123 (5th Cir. 1995) (quoting *Jackson v. Vannoy*, 49 F.3d 175, 177 (5th Cir. 1995), *cert.*

---

[2] The only specific condition of release that Glover mentions is the psychological evaluation that occurred in May of 2009. The Court takes judicial notice that Glover, whose parole has been revoked more than once, has complained about his placement in the Super Intensive Supervision Program for purposes of his parole. *See Glover v. Cockrell*, Civil No. H-01-0049 (S.D. Tex.); *Glover v. Texas Bd. of Pardons & Paroles*, Civil No. H-01-0051 (S.D. Tex.); *Glover v. Texas Bd. of Pardons & Paroles*, Civil No. H-03-0384 (S.D. Tex.); *Glover v. Texas Bd. of Pardons & Paroles*, Civil No. H-03-3455 (S.D. Tex.).

*denied*, 516 U.S. 851 (1995)). Because Glover challenges his continued confinement pursuant to restrictive conditions of his release on parole, the rule in *Heck* applies to the pending complaint. *See, e.g. Stafford v. Josephine County Bd. of Comm'rs*, 223 F. App'x 631, 2007 WL 645708 (9th Cir. 2007) (barring a former prisoner's civil rights complaint, about sex-offender conditions of parole, under the rule in *Heck*); *Marshall v. Suttie*, No. 08-CV-485, 2008 WL 4400847, *2 (W.D. Wis. Sept. 23, 2008) (same); *Fischer v. Owens*, No. 3-04-CV-1947, 2005 WL 544221 (N.D. Tex. March 7, 2005) (same). Any claim for declaratory or injunctive relief is likewise barred by the rule in *Heck*. *See Clarke v. Stalder*, 154 F.3d 186, 190-91 (5th Cir. 1998).

Glover does not allege or show that the decision by parole officials (to impose the sex offender conditions of supervised release) has been invalidated or otherwise set aside by an authorized state tribunal or by a federal habeas corpus proceeding under 28 U.S.C. § 2254.[3] Because his allegations would, if true, necessarily imply the invalidity of his continued incarceration, Glover's civil rights claims are not cognizable under 42 U.S.C. § 1983 at this time and his complaint must be dismissed with prejudice. *See Johnson v. McElveen*, 101 F.3d 423, 424 (5th Cir. 1996) (explaining that claims barred by *Heck* are "dismissed with prejudice to their being asserted again until the *Heck* conditions are met").

---

[3] The Court declines to reclassify this civil rights action as a habeas corpus proceeding because Glover does not allege or show that he has attempted to exhaust state court remedies as required by 28 U.S.C. § 2254(b).

## II.     CONCLUSION AND ORDER

Accordingly, based on the foregoing, the Court **ORDERS** as follows:

1. The Attorney General's motion to dismiss [Doc. # 19] is **GRANTED** and this case is **DISMISSED** for failure to timely serve the defendants in compliance with Rule 4(m).  Alternatively, the complaint is **DISMISSED** for failure to state a valid claim under 42 U.S.C. § 1983.

2. The plaintiff's motion for injunctive relief [Doc. # 20] is **DENIED** as **MOOT**.

The Clerk's Office will provide a copy of this order to the parties.

SIGNED at Houston, Texas on March 30th , 2010.

*[Signature: Nancy F. Atlas]*

Nancy F. Atlas
United States District Judge