IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| KENNETH WAYNE GLOVER, TDCJ #1198161, | § § § | |
| Plaintiff, | § § | |
| v. | § § | CIVIL ACTION NO. H-09-1590 |
| TEXAS BOARD OF PARDONS AND PAROLES, *et al.*, | § § § § | |
| Defendants. | § | |

## AMENDED MEMORANDUM AND ORDER

The plaintiff has filed a motion to alter or amend the judgment entered on March 30, 2010, pursuant to Rule 59(e) of the Federal Rules of Civil Procedure [Doc. # 23]. The motion is granted in part and denied in part as set forth herein. As a result of reconsideration of matters raised by the motion, the Court vacates the Memorandum and Order entered on March 30, 2010 [Doc. # 21], and substitutes this one in its place.

The plaintiff, Kenneth Wayne Glover (TDCJ #1198161, former TDCJ #523654, #479532, #391246, Fort Bend County #80380), filed this lawsuit under 42 U.S.C. § 1983, alleging that the defendants violated his civil rights in connection with the conditions of his supervised release from prison. Glover proceeds *pro se*, but not *in forma pauperis*. The State Attorney General's Office has filed an *amicus curiae* motion to dismiss for lack of service in compliance with Rule 4(m) of the Federal Rules of Civil Procedure [Doc. # 19]. In response, Glover has filed a motion for relief in his favor [Doc. # 20]. After reviewing

all of the pleadings and the applicable law, the Court dismisses this case for reasons set forth below.

## I.   BACKGROUND

Court records show that, on June 16, 2003, Glover was convicted in the 268th District Court of Fort Bend County, of evading detention with a motor vehicle in cause number 37,405.  *See Glover v. State*, No. 14-03-00763-CR, 2004 WL 1192822 (Tex. App. — Houston [14th Dist.] June 1, 2004, pet. stricken).  Glover was sentenced to eight-and-a-half years' imprisonment in that case.  Prior to that offense, Glover was convicted of credit card abuse in 1989, in Harris County cause number 527226, which resulted in a sentence of ten years' imprisonment.  *See Glover v. Cockrell*, Civil No. H-01-0049 (S.D. Tex. Jan. 14, 2002).  Glover also has a second-degree felony conviction for "vehicular arson" in cause number 415698.

Glover filed the pending civil rights complaint under 42 U.S.C. § 1983 while he was incarcerated at a pre-release facility in Houston, following his transfer from the Texas Department of Criminal Justice - Correctional Institutions Division (collectively, "TDCJ"). Glover alleges that he received notice while he was still in custody on April 14, 2008, that the Board of Pardons and Paroles intended to impose certain "special conditions" upon his release from prison [Doc. # 2, Exhibit 2].  Those conditions, referred to as the "Special Condition 'X' (Sex Offender Conditions)," were reportedly based on Glover's arrest for sexual assault in 1993, which occurred while he was previously on parole.  Glover claims

that, consistent with the sex offender conditions of supervised release, the Texas Board of Pardons and Paroles required him to undergo an evaluation by a psychiatrist. That evaluation reportedly occurred on May 21, 2009, prior to his release from confinement.

Glover contends that he should not be required to comply with any other sex offender conditions of parole because he was not convicted of sexual assault. Glover maintains that his arrest on sexual assault charges in 1993 was "not sustained" as a basis for the previous revocation of his parole, which reportedly occurred in 1994. Glover insists that Texas Board of Pardons and Paroles has wrongfully imposed sex offender conditions of early release in violation of his constitutional rights. He seeks injunctive relief from unspecified restrictions that have been imposed by the Texas Board of Pardons and Paroles.[1] The Court concludes, however, that this case must be dismissed for the following reasons.

## II. DISCUSSION

Glover filed the pending complaint on May 27, 2009. Because Glover does not proceed as a pauper, he is responsible for service of process. *See* FED. R. CIV. P. 4(c)(1). To date, Glover has not completed service of process as required by Rule 4(m) of the Federal Rules of Civil Procedure, which requires opposing parties to be served within 120 days after

---

[1] Shortly after the complaint was filed, the Court dismissed this case as barred by the three-strikes rule found in 28 U.S.C. § 1915(g) [Doc. # 4]. The Court granted Glover's motion to reinstate the complaint on October 9, 2009, after he paid the filing fee [Doc. # 18]. In that same order, the Court also granted Glover's motion to dismiss E. Pierson of the TDCJ Parole Division as a defendant. At that time, Glover also reportedly withdrew his request for monetary damages [Doc. # 23]. Thus, the only remaining claim concerns Glover's request for injunctive relief against the Texas Board of Pardons and Paroles.

the filing of the complaint.  Noting that he has failed to comply with Rule 4(m), the Attorney General's Office has filed an *amicus curiae* motion to dismiss for lack of service [Doc. # 19].

The record reflects that, at Glover's request, the Clerk's Office issued a summons for the defendants shortly after the complaint was filed [Doc. # 5].  In the return of service, Glover reports that he served the Texas Board of Pardons of Paroles in person by delivering the summons to the Texas Attorney General's Office on May 27, 2009.  There is no authority showing that the Attorney General's Office is the proper agent of service for the Texas Board of Pardons and Paroles.  Likewise, because Glover is a party to the litigation, he is not eligible to serve the summons Rule 4(c)(2) of the Federal Rules of Civil Procedure.  More importantly, the Attorney General presents documentation showing that Glover actually sent the summons by regular mail addressed to an individual Assistant Attorney General [Doc. # 19, Exhibit A].  The Federal Rules of Civil Procedure do not allow for service by any type of mail.  *See* FED. R. CIV. P. 4(c).

In his response to the motion, Glover does not dispute that he has failed to effect service of process in compliance with the Federal Rules of Civil Procedure.  Glover has not requested additional time to serve the defendants.  Instead, Glover appears to argue that his failure to comply with Rule 4(m) should be excused because he is a *pro se* litigant.  A plaintiff's *pro se* status and ignorance of the law do not constitute cause for his failure to effect service in compliance with the rules.  *See Kersh v. Derozier*, 851 F.2d 1509, 1512 (5th

Cir. 1988). Thus, Glover's allegations are insufficient to demonstrate good cause for his failure to serve the defendants in a timely manner. Because Glover has not established good cause for his failure to effect timely service, the Court concludes that this case must be dismissed without prejudice for lack of compliance with Rule 4(m).

## II.   CONCLUSION AND ORDER

Accordingly, based on the foregoing, the Court **ORDERS** as follows:

1. The plaintiff's motion to alter or amend the judgment entered on March 30, 2010 [Doc. # 23] is **GRANTED** in part and **DENIED** in part as set forth herein.

2. The Memorandum and Order dated March 30, 2010 [Doc. # 21] and the Final Judgment [Doc. # 22] are **VACATED**.

3. The Attorney General's motion to dismiss [Doc. # 19] is **GRANTED** and this case is **DISMISSED** without prejudice for failure to timely serve the defendants in compliance with Rule 4(m).

4. The plaintiff's motion for injunctive relief [Doc. # 20] is **DENIED** as **MOOT**.

The Clerk's Office will provide a copy of this order to the parties.

SIGNED at Houston, Texas on May 20, 2010.

_____
Nancy F. Atlas
United States District Judge